# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOEL LUBRITZ, | Case No. 2:17-cv-02310-APG-NJK |
| Plaintiff(s), | **ORDER** |
| v. | (Docket No. 18) |
| AIG CLAIMS, INC., | |
| Defendant(s). | |

Pending before the Court is Plaintiff's motion for production of unredacted claims notes pursuant to Rule 612 of the Federal Rules of Evidence, and for sanctions. Docket No. 18. Defendant filed a response in opposition and a counter-request for sanctions, and Plaintiff filed a reply. Docket Nos. 19-20. The unredacted claims notes were submitted for the Court's *in camera* review.[1] A complete copy of the deposition transcript at issue was filed. Docket No. 23. A privilege log was filed. Docket No. 26. The Court held a hearing on the motion on April 16, 2018. Docket No. 29; *see also* Hearing Rec. (4/16/2018) at 2:02-2:30 p.m.[2]

---

[1] Defendant submitted initially a claims file covering AIG001807 through AIG001933. *See* Docket No. 22. At the hearing, Defendant's counsel presented a claims file covering AIG001709 through AIG001728, and submitted that file to the Court at that time. Plaintiff's counsel confirmed that the pertinent redactions cover only those included in AIG001709 through AIG001728. *See* Hearing Rec. (4/16/2018) at 2:21 p.m. As such, the Court has destroyed the unredacted version of the claims file covering AIG001807 through AIG001933, and **INSTRUCTS** the Clerk's Office to retain under seal a copy of the unredacted version of the claims file covering AIG001709 through AIG001728.

[2] As a transcript does not currently exist, the Court will cite herein to the hearing recording.

## I. OVERVIEW

This is an insurance dispute regarding Plaintiff's attempt to recover from Defendant for a claim under his underinsured motorist policy. *See* Docket No. 1-1 at ¶¶ 7-12. More specifically, Plaintiff alleges that he suffered severe, life-long injuries as a result of a motor vehicle collision and that Defendant unreasonably refused to pay the fair value of his claim. *See id.* Plaintiff brings causes of action for breach of contract, bad faith, and violation of Nevada's Unfair Trade Practices Act. *See id.* at ¶¶ 14-32.

Timothy McCabe is the claims handler responsible for Plaintiff's claim that is the subject of this litigation. *See* Docket No. 18 at 2. Defendant has already produced a redacted version of the claims file, *see id.*, but redacted parts of the claims notes on the basis of attorney-client privilege and attorney work-product protection, *see* Docket No. 19 at 2. At his deposition, Mr. McCabe testified about using the claims file to refresh his recollection prior to testifying:

> Q: You also testified, Mr. McCabe, that you reviewed your file in preparation for your deposition today?
>
> A: Correct.
>
> Q.: Did that refresh your recollection?
>
> A.: Somewhat so, yeah.
>
> Q.: Okay. Did you review the claim notes in preparation for your deposition today?
>
> A.: Yes.
>
> Q.: Did reviewing all of the entries in your claim notes refresh your recollection to testify today?
>
> A.: I would say so, yeah.
>
> Q.: When did you conduct that review of your file?
>
> A.: A little bit at defense counsel yesterday and then a little bit more last evening in my hotel room.

Docket No. 23 at 142.

## II. STANDARDS AND ANALYSIS

The basic dispute before the Court is that Plaintiff has requested production of the unredacted claims notes pursuant to Rule 612 of the Federal Rules of Evidence in light of the above deposition

testimony, and Defendant contends such production is unwarranted. The parties dispute the standards that apply to this analysis. For his part, Plaintiff contends that the review of a document to refresh recollection prior to a deposition automatically results in the waiver of any privileges and the required production of that document. Docket No. 18 at 5-6.[3] Defendant counters that production of such a document is only required after the Court conducts a balancing test to determine whether the need for disclosure outweighs the policies underlying any privilege or protection of that document. Docket No. 19 at 6-7. Defendant has the better argument.

Rule 612 governs the disclosure of writings used to refresh recollection before testifying.[4] The Court interprets and applies a Federal Rule of Evidence by first looking to the text of the rule itself. *See, e.g.*, *United States v. Sioux*, 362 F.3d 1241, 1245 (9th Cir. 2004). In pertinent part, Rule 612 provides as follows:

> **(a) Scope.** This rule gives an adverse party certain options when a witness uses a writing to refresh memory:
>
> **(1)** while testifying; or
>
> **(2)** before testifying, if the court decides that justice requires the party to have those options.
>
> **(b) Adverse Party's Options; Deleting Unrelated Matter.** . . . [A]n adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony. . . .

---

[3] The only exception for which Plaintiff accounts is when a court orders a witness to review a document. *See* Docket No. 18 at 6 (discussing *Laxalt v. McClatchy*, 116 F.R.D. 438, 454-55 (D. Nev. 1987)). Hence, Plaintiff's briefing argues that "the fact that Mr. McCabe voluntarily reviewed the Claims Notes to refresh recollection necessarily triggers FRE 612 and warrants the production of the Claims Notes." Docket No. 20 at 4. Plaintiff's counsel changed course somewhat at the hearing, asserting that he was not advocating for a mandatory disclosure rule. Hearing Rec. at 2:22 p.m. The substance of the argument presented, however, turned almost entirely on the fact that there is some testimony that the claims notes were reviewed to refresh recollection prior to Mr. McCabe's testimony. *See id.* at 2:24 p.m. Such an argument is tantamount to advocating for a mandatory disclosure rule.

[4] "The vast majority of cases that have considered the issue have concluded that Rule 612 is applicable to depositions." *In re Xarelto (Rivaroxaban) Prods. Liability Litig.*, 314 F.R.D. 397, 401 (E.D. La. 2016). No argument to the contrary has been presented in relation to the pending motion.

Fed. R. Evid. 612. The text of Rule 612(a)(2) is clear, disclosure of a document used to refresh recollection prior to testifying is only required "if the court decides that justice requires" that disclosure. Rather than mandating disclosure, this language renders disclosure to be a discretionary decision of the Court. *See United States v. Williams*, 875 F.2d 846, 854 (11th Cir. 1989); *see also* Fed. R. Evid. 612, Advisory Committee Notes (1974) (the rule "render[s] the production of writings used by a witness to refresh his memory before testifying discretionary with the court in the interests of justice"). "[N]othing in the Rule [should] be interpreted as barring the assertion of a privilege with respect to writings used by a witness to refresh his memory." *In re Rivastigmine Patent Litig.*, 486 F. Supp. 2d 241, 243 (S.D.N.Y. 2007) (quoting advisory committee notes). Instead, the inclusion of the interest of justice provision incorporates a balancing analysis into determining whether disclosure of the writing is required. *See, e.g.*, *In re Joint Eastern & Southern Dist. Asbestos Litig.*, 119 F.R.D. 4, 5 (E.D.N.Y. 1988). Accordingly, the Court concludes that Rule 612(a)(2) does not mandate the disclosure of documents used to refresh a deponent's recollection prior to testifying. *See, e.g.*, *Server Tech., Inc. v. Am. Power Conversion Corp.*, Case No. 3:06-cv-00698-LRH-VPC, 2011 WL 1447620, at *11 (D. Nev. Apr. 14, 2011) (Cooke, J.).[5]

Having determined that disclosure is a discretionary matter, the Court turns to the analysis used to guide that exercise of discretion. The party seeking disclosure bears the burden of showing that disclosure is warranted. *See, e.g.*, *Sporck v. Peil*, 759 F.2d 312, 317 (3d Cir. 1985) ("a party must meet three conditions before it may obtain documents used by a witness prior to testifying"); *Parry v. Highlight Indus., Inc.*, 125 F.R.D. 449, 452 (W.D. Mich. 1989) (production denied where the movant failed to show that disclosure was in the interest of justice). There has not been devised a uniform mechanism by which courts analyze the interests of justice for purposes of Rule 612 disclosures, and different courts have looked to varying factors in conducting that analysis. *See Server Technology*, 2011 WL 1447620, at *11. As an overarching matter, however,

---

[5] The case law is not uniform. *See, e.g.*, *Adidas Am., Inc. v. TRB Acquisitions LLC*, ___ F.R.D. ___, 2017 WL 5630038, at *5-7 (D. Or. Nov. 22, 2017) (canvassing competing cases). In rejecting a mandatory disclosure rule, the Court follows the majority approach. *See* 28 Wright & Gold, FEDERAL PRACTICE & PROCEDURE, § 6188 at p. 537 (2012 ed.) ("Most courts now reject the absolute-waiver approach").

> courts must balance, on a case-by-case basis, the competing interests present: the objective of full disclosure and the ascertainment of the truth that Rule 612 and the federal discovery rules reflect, against the interest in maintaining the confidentiality of protected material.

*United States v. 22.80 Acres of Land*, 107 F.R.D. 20, 26 (N.D. Cal. 1985).

In this case, the Court has reviewed *in camera* the unredacted version of the claims notes at issue and allowed Defendant argument at the hearing regarding any attorney-client privilege and work-product protection objections. As an initial matter, the Court notes that Defendant argued in significant part that the notes at issue were attorney-client privileged in that they were emails or letters from counsel to Defendant. Hearing Rec. at 2:10 - 2:11 p.m.; *see also* Docket No. 19 at 2, 4. As Plaintiff's counsel correctly argued at the hearing, however, the privilege log identified only work-product protection as the basis for redaction, rather than attorney-client privilege. Hearing Rec. at 2:28 p.m.; *see also* Docket No. 26 at 1. The Court does not find this shortcoming sufficient to find an assertion of attorney-client privilege waived in this case. *Cf. Butler Mfg. Co. v. Americold Corp.*, 148 F.R.D. 275, 277 (D. Kan. 1993) (finding deficiency in privilege log not sufficient cause to require disclosure). Instead, the Court orders Defendant to provide a supplemental privilege log correctly listing all bases on which it has withhold the redacted information. Such supplemental privilege log shall be provided within 14 days of this order.

Turning to the merits of Defendant's assertion of attorney-client privilege and work-product protection, the party asserting such a privilege or protection bears the burden of establishing that it applies. *See, e.g.*, *In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir. 1992). Under Nevada law, attorney-client privilege attaches to confidential communications between an attorney and client made for the purpose of facilitating the rendition of legal services. *Wynn Resorts, Ltd. v. Eighth Judicial Dist. Ct.*, 399 P.3d 334, 341 (Nev. 2017) (*en banc*) (citing N.R.S. 49.095).[6] The attorney-client privilege is to be narrowly construed because it impedes the search for the truth. *Whitehead v. Nev. Com'n on Judicial Discipline*, 873 P.2d 946, 968 (Nev. 1994). The work product doctrine protects attorneys'

---

[6] In diversity cases, the Court applies state law to attorney-client privilege objections. *See* Fed. R. Evid. 501.

5

thought processes and legal recommendations. *See, e.g.*, *Philips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 634 (D. Nev. 2013) (citing *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947)).[7] To qualify for protection under this doctrine, the documents or information must: (1) be prepared in anticipation of litigation or for trial, and (2) be prepared by or for another party or by or for that other party's representative. *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011).[8]

In this case, Defendant's counsel failed to articulate a basis to find privileged or protected roughly half of the redacted entries currently in dispute. Indeed, counsel indicates that she was not always entirely sure of the nature of the entries and had taken an overly-inclusive approach to withholding information. *See, e.g.*, Hearing Rec. at 2:08 p.m., 2:14 p.m. As such, Defendant shall produce in unredacted form the claims notes entries from July 20, 2017 on AIG001713, February 1, 2017 on AIG001715, December 5, 2016 on AIG001715, July 15, 2016 on AIG001716, and June 17, 2016 on AIG001716-17. Defendant shall also produce the first portion of the entry on April 26, 2017 on AIG001714 with redaction only beginning after "I sent the letter on 4/18." That supplemental production shall be provided within 14 days of this order.

With respect to the remaining entries in dispute, they include predominately counsel's communications of his assessments and impressions of the case transposed into the claim notes. For example, the entry from September 6, 2017, provides counsel's "summary of facts and liability assessment" that includes detailed thoughts on several aspects of the case. *See* AIG001709-12; *see also* Hearing Rec. at 2:06-07 p.m. (explanation from counsel as to the nature of the entry). Such an entry fits easily within the bounds of a attorney-client privileged communication and attorney work-product protected information. The Court is satisfied that a sufficient basis exists for Defendant's assertion of attorney-client privilege and work-product protection with respect to the redacted information remaining in the claims notes.

---

[7] Because the work-product doctrine is a procedural immunity rather than an evidentiary privilege, federal courts apply federal law even when sitting in diversity. *Metzler Contr'g Co. v. Stephens*, 642 F. Supp. 2d 1192, 1204 (D. Haw. 2009) (collecting cases).

[8] A particular document may be subject to both work product protection and attorney-client privilege. *See, e.g., Walker v. County of Contra Costa*, 227 F.R.D. 529, 534 (N.D. Cal. 2005).

A showing has not been made by Plaintiff to counterbalance the need to maintain the confidentiality of that privileged and protected information. "The purpose of the rule is . . . to promote the search of credibility and memory." Fed. R. Evid. 612, Advisory Committee Notes (1972). Justice may require the production of a document used to refresh recollection to ensure an adequate opportunity for cross-examination and impeachment. *See, e.g.*, *Rivastigmine*, 486 F. Supp. 2d at 243. On the other hand, the production of a document is of "little utility for impeachment and cross-examination purposes without a showing that the document actually influenced the witness' testimony." *Sporck*, 759 F.2d at 318. As such, "the party seeking production of any such document must show more than a mere cursory review of the document by the witness. 'A showing must be made that the document actually influenced the witness' testimony.'" *Valvoline Instant Oil Change Franch'g v. RFG Oil, Inc.*, Case No. 12-cv-2079-GPC (KSC), 2014 WL 12026073, at *5 (S.D. Cal. May 20, 2014) (quoting *Butler*, 148 F.R.D. at 278); *see also T&S Enterps., LLC v. Sumitomo Corp. of Am.*, Case No. 11-cv-1318-GPC (MDD), 2012 WL 4845544, at *1 (S.D. Cal. Oct. 10, 2012) ("courts have required some evidence that a witness actually relied upon documents in giving his testimony or that those documents somehow influenced his testimony" (quoting *K&S Assocs., Inc. v. Am. Ass'n of Physicists in Med.*, Case No. 3:09-1108, 2012 WL 4364087, at *3 (M.D. Tenn. Sept. 21, 2012)); *Wentz v. Grubbs*, Case No. Civ. 90-661-FR, 1994 WL 519033, at *2 (D. Or. Sept. 16, 1994) ("the interests of justice do not require that defendant Grubbs disclose materials otherwise protected by the attorney/client privilege simply because he reviewed them [to refresh his recollection] in preparation for his deposition"). Asking a witness in cursory manner about refreshing his recollection by reviewing a writing, without explanation as to the extent or scope of the refreshing and the impact on the testimony, is plainly insufficient. *See Butler*, 148 F.R.D. at 278; *see also Sporck*, 759 F.2d at 318.

As Defendant notes in its opposition, Docket No. 19 at 7, an insufficient showing has been made that Mr. McCabe's review of the redacted portion of the claims file impacted his testimony. Plaintiff's motion is premised entirely on Mr. McCabe's testimony that reviewing the claims file "somewhat" refreshed his recollection and that he "would say so, yeah" that reviewing "all" of the entries in the claims notes refreshed his recollection. Docket No. 18 at 36. The extent of his review was "a little bit." *Id.* No direct question was posed to Mr. McCabe that he even reviewed the redacted portions of the

claims notes and whether those particular portions refreshed his recollection in any way. Instead, counsel asked indirectly whether "reviewing all of the entries in your claim notes refreshed your recollection." Docket No. 18 at 36. Moreover, no testimony was elicited as to whether the claims notes (and the redacted portions of it, in particular) impacted in any way Mr. McCabe's testimony, and instead the record reflects otherwise given the testimony that the review was not extensive. In short, Plaintiff's showing falls well short of establishing that Mr. McCabe's review of the redacted aspects of the claims notes impacted his testimony in any way. As such, disclosure is not warranted.[9]

Accordingly, the Court is not persuaded that it is in the interest of justice to disclose the redacted claims notes that are privileged or protected.

## III. SANCTIONS

The parties seek sanctions against each other in conjunction with the pending motion. Docket No. 18 at 7-8; Docket No. 19 at 7-8. Those requests are premised entirely on Rule 37(a)(5) of the Federal Rules of Civil Procedure, which governs awarding expenses upon the resolution of a motion to compel discovery brought pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure. Plaintiff's instant motion, however, is premised on Rule 612 of the Federal Rules of Evidence, which is "not a rule of discovery." *Spork*, 759 F.2d at 317. No showing has been made that the sanctions provision in Rule 37 of the Federal Rules of Civil Procedure applies to the instant motion. Accordingly, the requests for sanctions will be denied.[10]

//
//
//
//

---

[9] While disclosure is allowed to enable cross-examination and impeachment, the Court finds it notable that Plaintiff does not contend that the examination of Mr. McCabe was impaired by the non-disclosure of the redacted claims notes and Plaintiff has not sought further deposition testimony from Mr. McCabe upon disclosure of the redacted claims notes. *Cf. Valvoline Instant Oil Change Franchising*, 2014 WL 12026073, at *6.

[10] Even were the Court to apply Rule 37, the circumstances in this case do not warrant an award of expenses to either party.

## IV.  CONCLUSION

For the reasons discussed above, the motion for production is **DENIED** except as outlined above, and the requests for sanctions are **DENIED**.  As outlined above, a supplemental privilege log and supplemental production shall be provided within 14 days of the issuance of this order.

IT IS SO ORDERED.

DATED: April 18, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge